LAW OFFICES OF JOHN C. PHARR, P.C.
733 West Fourth Ave., Ste 308
Anchorage, Alaska 99501
Phone: (907) 272-2525
Fax: (907) 277-9859
Email: jpharr@gci.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

------------------------------------x

SOMPO JAPAN INSURANCE INC.

     *Plaintiff,*

 - against -         **COMPLAINT**

UNITED STATES SEAFOODS, LLC,

     *Defendant.*

------------------------------------x

    Plaintiff Sompo Japan Insurance Inc. (hereinafter "Sompo" or Plaintiff), by its undersigned attorneys, Law Offices of John C. Pharr, P.C., for its Complaint, allege on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

    1. This Court has subject matter jurisdiction as the claims arise under the Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333, federal question jurisdiction under a treaty of the United States, the United Nations Convention on Contracts for the International Sale of Goods, Apr. 11, 1980, S. Treaty Doc. No. 98-9 (1983), 1489 U.N.T.S. 3, 19 I.L.M. 668 (1980) ("CISG" or "Convention"), and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff Sompo was and is a corporation existing under and by virtue of the laws of Japan with its principal place of business at 26-1,Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo 160-8338, Japan, and who insured nonparty Yokohama Reito Co., LTD (hereinafter "Yokohama"), the owner of the Shipment which is the subject matter of this action.

3. Defendant United States Seafoods, LLC (hereinafter "Defendant" or "USS") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 1801 Fairview Ave E, Suite 100, Seattle, Washington, and was and now is engaged in business as, *inter alia*, a commercial fisherman in Alaska and seller of frozen fish for human consumption in Alaska, and maintains vessels and facilities in Alaska for catching, freezing, selling and supplying fish caught in the Pacific Ocean, exports fish to the overseas market from Alaska, and otherwise does business in the State of Alaska and in this District.

4. Venue is proper here within the meaning of 28 U.S.C. § 1391(c), and the District of Alaska is the most convenient forum, and specific personal jurisdiction exists here, because, as described more fully in this complaint below, Defendant caught the fish which are at issue here in Alaskan waters and/or off of the shore of Alaska, on vessels whose home port is Alaska, processed the fish in Alaska and/or on Alaskan waters and /or upon vessels whose home port is Alaska, and pursuant to the alleged contract between Plaintiff's insured and defendant, delivered deteriorated and/or spoiled and/or otherwise tainted fish to Plaintiff's insured in Alaska. Within Alaska it is believed that this Court is the most convenient for the relevant witnesses and that the vessels in question sailed from Dutch Harbor, which is closest in proximity to the United States Courthouse in Anchorage, Alaska. The District of Alaska is the most convenient forum because a number of the most important witnesses involved with the claim are located here.

2

## THE CONTRACT AND THE SHIPMENTS

5. On or about June 12, 2020, Yokohama entered into a written contract with Defendant USS to purchase frozen fish. The Contract in question consisted a document dated that day, as well as such other documents which may be revealed in discovery (hereinafter "Contract").

6. The "Contract" provided for the sale of goods from Defendant USS, a United States Company, to Yokohama, a Japanese company, and accordingly is governed by the United Nations Convention on Contracts for the International Sale of Goods, Apr. 11, 1980, S. Treaty Doc. No. 98-9 (1983), 1489 U.N.T.S. 3, 19 I.L.M. 668 (1980) ("CISG" or "Convention").

7. The Contract specified, inter alia, that the frozen fish USS supplied "will show proper freshness, texture and odor that is characteristic of a frozen at sea product."

8. Pursuant to the contract, frozen fish supplied by USS to Yokohama would be tendered to one or more refrigerated common carriers by ocean carriers in Alaska, at which point via CFR Incoterms, risk of loss would shift to Yokohama and payment for the fish would be due.

9. In making payment to USS before physical receipt of the Shipments in Japan, Yokohama relied upon USS to, *inter alia*, supply frozen fish meeting the contract's freshness standards.

10. Pursuant to the Contract, Defendant USS tendered to refrigerated ocean vessels including, *inter alia*, the MS Boyang Alaska, MS Dhara, MS No. 1 Baron, MS Suah, and MS No. 2 Pohah, at the port of Dutch Harbor, Alaska, various shipments of frozen fish for frozen transportation to Yokohama in Japan during the time period of on or about August 2020 through December of 2020, which were covered by, *inter alia*, USS Invoice Nos. 5107, 5110, 5112, 5125, 5126, 5133, 5152, 5168, and 5176, and identified as, *inter alia*, lots designated as SAM-12, SAM-

3

13, SAM-16, SAM-17, SAM-18, SA-15, SFA-15, SA-16, SFA-16, SA-17, and SFA-17 (hereinafter "the Shipments").

11. Upon receipt in Japan, the Shipments were inspected.

12. Upon inspection, Yokohama found that substantial portions of the fish making up the Shipments did not have "proper freshness, texture and odor that is characteristic of a frozen at sea product," and/or were of unacceptable quality, freshness or odor and/or were otherwise unsuitable and unacceptable.

13. Inspection of the Shipments upon receipt in Japan indicated, *inter alia*, that the fish was not of the proper freshness at the time of initial freezing by USS, prior to USS' tender of the fish to the ocean carriers in Alaska.

14. Inspection of the Shipments upon receipt in Japan indicated, *inter alia*, that the fish was improperly stored on USS' fleet of Alaskan fishing vessels Seafreeze America and Seafreeze Alaska, including, *inter alia*, while in nets off the coast of Alaska and while in transit back to Alaska.

15. Inspection of the Shipments upon receipt in Japan indicated, *inter alia*, that USS' freezing of the fish, on USS' various fishing vessels which caught the fish at sea, was improperly delayed, allowing the fish to deteriorate.

16. Inspection of the Shipments upon receipt in Japan showed, *inter alia*, no evidence that any of the fish thawed during ocean carriage from Alaska to Japan.

17. Inspectors appointed by Yokohama and by Plaintiff inspected the Shipments, segregating fish of acceptable quality from fish of substandard quality.

18. Fish from the Shipments meeting the quality requirements of the Contract were accepted by Yokohama; fish from the Shipments which did not meet the contract standards,

4

and thus had a worth substantially less than Yokohama paid, were sold in Japan on best market terms available given the condition in which the fish was received.

19. Defendant USS breached, failed and violated its duties and obligations pursuant to its Contract with Yokohama to, *inter alia*, supply fish having the "proper freshness, texture and odor that is characteristic of a frozen at sea product." As a result, nonparty Yokohama suffered loss and damage up to or exceeding $1,200,000.00.

20. Plaintiff Sompo insured the Shipments against loss and damage up to Yokohama's insurance coverage limits of JPY 42,951,281, which converted to approximately USD $420,000 at the relevant times of delivery. By reason of the loss described above, Plaintiff was obliged to pay, and actually paid, the claim to Yokohama, the owner of the Shipments, in the full amount of JPY 42,951,281, and incurred substantial additional other expenses, for which Defendant USS is legally liable.

21. Yokohama is not joined in this action, and Yokohama's claim for the uninsured portion of this loss is not claimed by Plaintiff Sompo in this action, as Yokohama is outside of the jurisdiction of this court and Yokohama elected not to participate in this action.

22. Plaintiff brings this action on its own behalf, and Plaintiff is duly entitled to maintain this action.

23. Plaintiff and nonparty Yokohama have performed all conditions on their part to be performed.

24. Defendant USS has not refunded any amounts paid by Yokohama for the Shipments of fish not meeting the contract requirements, though duly demanded.

25. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated

to be up to or exceeding U.S. $440,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT UNDER THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS

26. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

27. By reason of the foregoing, the Contract is governed by the United Nations Convention on Contracts for the International Sale of Goods.

28. By reason of the foregoing, Defendant USS breached the Contract and Defendant breached its obligations under the United Nations Convention on Contracts for the International Sale of Goods, insofar as Defendant failed to deliver fish meeting the contract specifications, and otherwise failed to exercise reasonable care in respect of its contract obligations to Yokohama.

29. By reason of the foregoing, Defendant USS breached, failed and violated its duties and obligations pursuant to the Contract and the United Nations Convention on Contracts for the International Sale of Goods.

30. By reason of the foregoing, the Defendant USS has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $440,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant USS, to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff and against Defendant USS on each of the Causes of Action for the amount of Plaintiff's damages, together with interest,

costs and the disbursements of this action;

        3.     That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Anchorage, Alaska
        May 16, 2022

LAW OFFICES OF JOHN C. PHARR, P.C.

By: _____
John C. Pharr, Esq.
733 West Fourth Ave., Ste 308
Anchorage, Alaska 99501
Phone: (907) 272-2525
Fax: (907) 277-9859
Email: jpharr@gci.net

*Attorneys for Plaintiff*

OF COUNSEL:

MALOOF & BROWNE LLC
David T. Maloof, Esq.
Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
           kleland@maloofandbrowne.com

F:\WP-DOCS\2507.51\Pleadings\051322 DRAFT 16 Complaint (AK).docx